TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
TIMOTHY J. SEARIGHT (Cal. Bar No. 151387)
Assistant United States Attorney
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3749
    E-mail:  timothy.searight@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>CEASER SALVADOR SIGALA,<br><br>      Defendant. | No. CR 25-792-AM<br><br>PLEA AGREEMENT FOR DEFENDANT<br>CEASER SALVADOR SIGALA |

1.    This constitutes the plea agreement between Ceaser Salvador Sigala ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

2.    Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement

by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 20 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 22 and 23 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

DEFENDANT'S OBLIGATIONS

3.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the indictment in United States v. Ceasar Salvador Sigala, CR No. 25-00792-AH, which charges defendant with assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1).

b.    Not contest facts agreed to in this agreement.

c.    Appear for all court appearances, obey all conditions of any bond, and obey any other ongoing court order in this matter.

d.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

2

e.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

### THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   If defendant successfully completes a one-year period of pretrial release, as determined by the date of a change of plea colloquy and entry of guilty plea, and completes that one-year period of pretrial release without any findings by the court of any violation of pretrial release:  (i) join in a motion to permit defendant to withdraw the guilty plea entered by defendant pursuant to this agreement, and (ii) move to dismiss as against defendant the count to which defendant entered a guilty plea pursuant to this agreement, as well as move to dismiss the remaining counts of the indictment as against defendant.

c.   If defendant does not successfully complete a one-year period of pretrial release and the matter were to proceed to sentencing pursuant to paragraph 12 of this agreement, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of any sentencing proceeding the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

### NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of the crime charged in count 1, that is assault on a federal officer,

3

in violation of Title 18, United States Code Section 111(a)(1), the following must be true:

(1)  defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer;

(2)  defendant did so while the federal officer was engaged in, or on account of, his official duties; and,

(3)  defendant made physical contact.

PENALTIES AND RESTITUTION

6.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 111(a)(1) is:  8 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that

4

it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree

that this statement of facts is sufficient to support a plea of guilty to  the count and charge described in this agreement.  The statement of facts provided below is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On September 7, 2025, HSI Special Agent R.R. ("SA R.R.") was conducting surveillance near the 300 N. Federal Building in Los Angeles County on target A.B., the subject of a federal criminal investigation and a fugitive defendant with a felony arrest warrant. Around 10:30 p.m. SA R.R. saw A.B. driving a black Chevrolet Malibu and initiated a traffic stop by activating his vehicle's blue and red siren lights. SA R.R. informed A.B. that he had a federal criminal warrant for her arrest. SA R.R removed A.B. from the car and began to arrest A.B. SA R.R. was wearing HSI issued body armor that included reflective police markings.

As SA R.R began to arrest A.B., several bystanders, including defendant, who was holding a skateboard, approached SA R.R and A.B. Defendant told SA R.R. to let A.B. go. SA R.R. told A.B., defendant, and the bystanders that he was executing a federal arrest warrant. Defendant used the front of his skateboard and jabbed SA R.R. twice, which led to SA R.R. letting go of A.B., who then fled.

### AGREED UPON CONSIDERATIONS

11.  If defendant successfully completes a one-year period of pretrial release, as determined by the date of a change of plea colloquy and entry of guilty plea, and completes that one-year period of pretrial release without any findings by the court of any

violation of pretrial release: (i) the parties will join in a motion to permit defendant to withdraw the guilty plea entered by defendant pursuant to this agreement; and, (ii) move to dismiss as against defendant the count to which defendant entered a guilty plea pursuant to this agreement, as well as move to dismiss the remaining counts of the indictment as against defendant. The parties further agree and stipulate that the Court shall determine and make findings of any violations of pretrial release pursuant to the standard procedures of the court and the Federal Rules of Criminal Procedure.

12. If defendant does not successfully complete a one-period of pretrial release, and this matter proceeds to sentencing on the count to which defendant has pleaded guilty, defendant and the USAO agree there is no agreement as to the applicable Sentencing Guidelines factors, and any departures or variances from the applicable Sentencing Guidelines range, or the appropriate sentence, and both defendant and the USAO will have the right to argue for any sentence within the applicable statutory maximum.

13. Defendant understands that, if this matters proceeds to sentencing on the count to which defendant has pleaded guilty, in determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

WAIVER OF CONSTITUTIONAL RIGHTS

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

7

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

15.    Defendant understands that by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts

8

provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16. Defendant agrees that, if defendant does not successfully complete a one year period of pretrial release as specified in paragraph 11 of this agreement, and the Court proceeds to sentence on the count to which defendant has pleaded guilty, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

17. The USAO agrees that, if defendant successfully completes the one-year period of pretrial release, and the counts referenced paragraph 11 are subsequently dismissed, the USAO gives up its right to appeal those dismissals.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

18. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

19. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

23.    Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing

11

occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

WAIVER OF STATUTE OF LIMITATIONS

24.   Having been fully advised by defendant's attorney regarding application of the statute of limitations to the offense to which defendant is pleading guilty, defendant hereby knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have not to be prosecuted for the offense to which defendant is pleading guilty because of the expiration of the statute of limitations for those offense prior to the filing of the indictment alleging those offenses; and (b) any defense, claim, or argument defendant could raise or assert that prosecution of the offense to which defendant is pleading guilty is barred by the expiration of the applicable statute of limitations, pre-indictment delay, or any speedy trial violation.

NO ADDITIONAL AGREEMENTS

25.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

12

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _6/24/26_____
CEASAR SALVADOR SIGALA              Date
Defendant

14

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

_____          6/26/2026
TIMOTHY J. SEARIGHT                       Date
Assistant United States Attorney


_____          6/24/2026
CEASER SALVADOR SIGALA                    Date
Defendant


_____          6/24/26
KAREN L. GOLDSTEIN                        Date
Attorney for Defendant Ceaser
Salvador Sigala

13

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Ceasar Salvador Sigala's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty plea pursuant to this agreement.

_____     _____6/24/26_____
KAREN L. GOLDSTEIN                   Date
Attorney for Defendant Ceasar
Salvador Sigala

15